UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN POULLARD | CIVIL ACTION NO. 14-0965 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JUDGE ALVIN SHARP | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Pending before the Court is an "Appeal to the United States District Court Judge and Objection to Memorandum Order of May-15-2014 [sic]" [Doc. No. 8] filed by Plaintiff John Poullard ("Poullard"). Poullard appeals Magistrate Judge Karen L. Hayes' May 15, 2014 memorandum order [Doc. No. 7] directing him to file his prisoner civil rights complaint and request to proceed *in forma pauperis* ("IFP") on proper forms. Poullard contends that his lawsuit is actually a petition for writ of mandamus, and the Prisoner Litigation Reform Act ("PLRA") does not apply.

As the United States Court of Appeals for the Fifth Circuit has explained, "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). "[T]he nature of the underlying action . . . determine[s] the applicability of the PLRA." *Id.* If an action is in actuality a *habeas* proceeding, the pay portions of the PLRA do not apply; if, on the other hand, the underlying action is a civil rights action, the PLRA does apply, and the plaintiff cannot proceed without establishing that he is a pauper or paying the filing fees.

Originally, Poullard filed medical malpractice suit in state district court against Louisiana State University Medical Center ("LSU") and Dr. Pittman arising from his treatment at LSU while an inmate at David Wade Correctional Center. [Doc . No. 1]. He did **not** assert a civil rights claim against prison officials for his medical treatment. Poullard's malpractice claim was eventually dismissed by the district judge on summary judgment, and the district judge's dismissal was affirmed on appeal in 2009.

Poullard filed this lawsuit on May 6, 2014, five years after the appellate court affirmed the dismissal of his case. Poullard claims that he had a constitutional right to amend his malpractice lawsuit to add a breach of the standard of care claim, that he is being denied equal protection of law, and that the action of the state court judges is an abuse of discretion. Poullard requests issuance of a writ of mandamus to allow him to prosecute his supplemental petition for damages in state court.

After review of Poullard's case, it does not appear that he has filed a prisoner civil rights action, a habeas action, or any other action over which this Court might have jurisdiction. "Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001) (internal citations omitted). The Court determines that Poullard has not satisfied this burden.

Poullard's only alleged bases for the Court's jurisdiction are (1) federal question based on his claims that he was denied his constitutional rights and (2) for mandamus, which he asserts under 28 U.S.C. § 1651. First, despite his characterization of the issues, Poullard has failed to establish any constitutional claims on the face of his Complaint and other pleadings. There is no

constitutional deprivation or other federal question simply because Poullard is dissatisfied with the resolution of his civil medical malpractice case in state court.

Second, Poullard has failed to establish the Court's jurisdiction to issue the writ of mandamus he seeks under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act is not a source of jurisdiction for the Court in and of itself; rather, the Act provides "power [to] a federal court to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued **in its exercise of jurisdiction otherwise obtained**." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977) (emphasis added); *see also* 28 U.S.C. § 1651(a). This power extends to non-parties "when their conduct frustrates the court's order." *Moore v. Tangipahoa Parish Sch. Bd.*, No. 12-31218, 2013 WL 141791, at *6 (5th Cir. Jan. 13, 2013) (citing *N.Y. Tel.*, 434 U.S. at 174). In this case, however, the Court had no jurisdiction over a state court civil action and had not issued any orders in that case. Nor is there is any evidence that the state courts' actions in Poullard's lawsuit somehow frustrated another of this Court's orders. The All Writs Act also fails to provide this Court with jurisdiction over Poullard's claims.

Finally, the Court has also considered its possible jurisdiction under the mandamus provision of 28 U.S.C. § 1361. Under that statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel **an officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). The mandamus statute does not provide the Court with jurisdiction or authority to compel a state court judge to allow Poullard to pursue further claims in a case that has been dismissed on summary judgment. Thus, this statute, too, fails to establish the Court's

jurisdiction.

After review, the Court finds that, in one sense, Poullard is indeed correct: this is not a civil rights action subject to the PLRA and its fee requirements. More importantly, however, it is a case over which the Court lacks jurisdiction. Therefore, Poullard's lawsuit is DISMISSED WITHOUT PREJUDICE, and all pending motions, including his pending appeal [Doc. No. 8], are DENIED AS MOOT.

MONROE, LOUISIANA, this 28th day of May, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE