UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN POULLARD | CIVIL ACTION NO. 14-0965 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JUDGE ALVIN SHARP | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the Court is Plaintiff John Poullard's ("Poullard") *pro se* Motion to Vacate [Doc Nos. 14 &15] the Court's May 28, 2014 Ruling and Judgment. [Doc Nos. 10 & 11]. Poullard claims that the Ruling and Judgment are contrary to the law because this Court has jurisdiction to adjudicate his mandamus action. [Doc. No. 15, p. 2].

Title 28, United States Code Section 1361, cited by Plaintiff as authority to pursue this action, states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Poullard has, from the outset, made it clear that he seeks an order of this Court ". . . ordering the State District court Judge to act and allow petitioner his United States Constitutional Rights 1st and 14th [Amendment] access to court to prosecute his supplement petition for damages claims and to stop the violation of access to court and due process of law and arbitrarily contrary action to that of the judiciary." [Doc. No. 1, pp. 19-20]. As previously noted, the federal mandamus statute is clear, as is the jurisprudence interpreting the statue – ". . . a federal district court is not authorized to grant relief in the nature of mandamus relief to direct state officials in the performance of their duties and functions." *See Emerson v. Owens*, 472 Fed. App'x 308 (5th Cir. 2012) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir.

1973)); *see also Nabelek v. Collins*, 48 Fed. App'x 104 (5th Cir. 2002).

Further, to the extent that Poullard relies upon the All Writs Act, 28 U.S.C. §1651, such reliance is also misplaced. Section 1651does not provide an independent basis for the exercise of jurisdiction by the federal district courts. Indeed, the statute merely authorizes those courts to issue commands in the form of writs, "in aid of their respective jurisdictions," and which are necessary to effectuate orders previously issued where jurisdiction has otherwise been obtained. *Texas v. Real Parties in Interest*, 259 F.3d 387 (5th Cir. 2001), *cert. denied*, 534 U.S. 1115, 122 S.Ct. 924, 151 L.Ed.2d 887 (2002); *see also Clinton v. Goldsmith*, 526 U.S. 529, 119 S. Ct. 1538, 143 L.Ed.2d 720 (1999). Therefore,

**IT IS ORDERED** that Poullard's Motion to Vacate [Doc. Nos. 14 & 15] is **DENIED.**

**MONROE, LOUISIANA**, this 23rd day of June, 2014.

_____
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**